**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

JAY CONNOR, individually
and on behalf of a class of all persons and
entities similarly situated,

        Plaintiffs,

vs.                             Case No. 2:25-cv-01655-DCN

RELIABLE OUTSOURCING, LLC,

        Defendant.

**MOTION AND BRIEF IN SUPPORT OF MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Jay Connor respectfully moves this Court to file the Amended Complaint attached herein as Exhibit A. A redline copy of the Complaint is attached herein as Exhibit B. As support thereof, the Plaintiff will rely on his memorandum of law and points and authorities in support thereof.

**BRIEF IN SUPPORT**

Plaintiff respectfully seeks leave of court to amend his class action complaint to add in as Defendants GKIM TeleHealth LLC, Reliable Outsourcing, LLC, whom Plaintiff alleges placed the subject calls at issue, and Prince Laboratories, LLC, whom Plaintiff alleges engaged with GKIM and Reliable to sell Prince Health's laboratory services. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

**FACTS AND PROCEDURAL HISTORY**

1

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This would be the second amendment in this Action. Initially, Plaintiff filed suit against former Defendants CareTalk and Dr. Rice, and resolved his claims against these Defendants. As part of discovery in this action, the identity, and alleged involvement, of GKIM, Reliable, and Prince was revealed. As a result, the Plaintiff amended his complaint to assert claims against Reliable, who has defaulted. As a result, Plaintiff now seeks leave to file a second amended complaint for the parties back "up" the chain of calling conduct, to assert claims against additional defendants GKIM, and Prince, whose laboratory services the calls were made to promote. Plaintiff now seeks leave to amend his complaint to assert these vicarious liability claims.

In the Amended Complaint, the Plaintiff continues to maintain his direct liability cause of action as against Reliable Outsourcing for the calls Plaintiff received, but now adds claims against GKIM for hiring Reliable, and against Prince, for engaging in a marketing arrangement whereby its services were promoted. In so doing, the Plaintiff is merely alleging that GKIM and Prince are vicariously liable for the calls that have been at issue in this case from the beginning. The amendment adds no additional claims as against any Defendant, but merely clarifies the relationship between the parties and the entities whom discovery has revealed physically placed the calls at issue and were involved in their placement.

## LAW AND ARGUMENT

A. *Amendment is proper to appropriately allege who is directly and vicariously liable.*

"[U]nder federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674, 193 L. Ed. 2d 571 (2016). Vicarious liability is a critical component to the TCPA's enforcement, as the FCC explained in

2

*In re The Matter of Joint Petition Filed by Dish Network, et al.*, 28 F.C.C. Rcd. 6574, 6584

(2013):

> [W]e see no reason that a seller should not be liable under [227(c)] for calls made by a third-party telemarketer when it has authorized that telemarketer to market its goods and services. In that circumstance, the seller has the ability, through its authorization, to oversee the conduct of its telemarketers, even if that power to supervise is unexercised. *Id.* at 6593

> [T]he seller is in the best position to monitor and police TCPA compliance by third-party telemarketers. . . . [P]otential seller liability will give the seller appropriate incentives to ensure that their telemarketers comply with our rules. By contrast, allowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions . . . absent the application of agency-related principles, the seller (in this instance) would benefit from undeterred unlawful acts, and the statute's purpose would go unrealized.

As outlined above, and as the proposed amendment details, the course of discovery has revealed that Reliable is the entity who directly placed the calls at issue. GKIM hired Reliable to place calls on its behalf, including as part of a relationship it is alleged to have with Defendant Prince whereby Prince's laboratory services would be requisitioned and sold on calls. Based on these developed facts as now known to the Plaintiff, and as more fully articulated in the Amended Complaint, the amendment advances a theory of the case that makes clear that Reliable physically called the Plaintiff at GKIM's request to ultimately Prince's services. As a result, the Second Amended Complaint asserts a theory of direct liability as against Reliable Outsourcing and a theory of vicarious liability as against GKIM and Prince. As such, the proposed amendment is necessary to conform the pleadings to the evidence developed in discovery. What's more, only by adding GKIM and Prince as additional defendants will the Court be able to "accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). Plaintiff now alleges, with the benefit of discovery, that Reliable physically placed the calls at issue, and that GKIM and Prince are vicariously liable for that conduct. As additional parties

3

involved in committing the allegedly tortious conduct at issue, GKIM and Prince are also indispensable parties requiring joinder.

Moreover, Reliable is in default. As a result, an amendment would not prejudice Reliable; to the contrary, it would give Reliable a final opportunity to respond to the allegations levied against it. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to add in all the responsible parties.

B.  *Justice requires the amendment, which does not prejudice Reliable.*

Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here.

First, as explained above, there is no additional prejudice to Reliable, who was in the litigation as an initial matter and is in default. Moreover, Reliable cannot claim prejudice as it has not even responded to the lawsuit, despite knowing what precisely it was hired to do: make calls. Reliable knew all along the relationship as between the parties that had to be revealed through discovery. The scope of discovery in this case has been the same all along and within Reliable's knowledge the whole time, whether or not GKIM and Prince are part of the case.

Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. Indeed, this matter is in a liminal posture owing to Reliable default. The amendment is merely done to conform the pleadings to the evidence that has been adduced in this litigation. To establish prejudice, the nonmoving party bears the burden of proving some form of prejudice,

4

such as the addition of substantially different claims arising from fundamentally different facts or proceeding after discovery has closed. That is plainly not the case here, where the only Defendant is in default, and where the parties sought to be added were already within Defendant's knowledge.

Finally, there is no clear futility. Here, the Plaintiff alleges a plain claim for direct liability against Reliable Outsourcing, and a vicarious liability claim against GKIM and Prince, which would not be futile, since vicarious liability in the TCPA context is ordinarily an issue that requires extensive discovery and is not resolvable at the pleadings stage. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, No. CIV.A. 11-2658 JBS, 2014 WL 4755487, at *7 n.5 (D.N.J. Sept. 24, 2014); *McLaren v. UPS Store, Inc.*, No. CV 21-14424 (RMB/MJS), 2025 WL 3238934, at *15 (D.N.J. Nov. 20, 2025). Moreover, multiple courts in the TCPA context have already held that amendment of pleadings in TCPA cases to conform to the evidence is an appropriate, non-futile reason to grant amendment. *E.g.*, *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 788 (E.D. Mich. 2020); *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 199 (E.D. Pa. 2021) (granting amendment to rectify a pleading deficiency); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 216CV00213JADPAL, 2017 WL 388809, at *3, *4 (D. Nev. Jan. 26, 2017) (granting amendment that added an additional party as a primary defendant).

Most importantly, denying leave here would force an inefficient, duplicative alternative. If Plaintiff is not permitted to amend his Complaint in this action, Plaintiff's only realistic option is to dismiss without prejudice as of right and refile again, alleging the very complaint he seeks to have in amendment, be forced to re-serve Defendants. That is the opposite of judicial economy. Granting leave allows the parties and the Court to resolve claims arising from the same conduct against the party alleged to have committed it in one forum with one discovery record,

5

precisely what Rule 15's liberal amendment policy is designed to facilitate. For the foregoing reasons, the Court should hold that justice requires the amendment and grant the motion accordingly. The Court should "freely give leave" for the Plaintiff to do so. Under the circumstances here and procedural posture, amendment would not be futile, would conform the evidence to the pleadings, and permit this litigation to proceed in due course.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court grant leave for the Plaintiff to file the Amended Complaint as the operative Complaint in this matter.

RESPECTFULLY SUBMITTED AND DATED this 4th day of March, 2026.

By:    _s/ Dave Maxfield_____
David A. Maxfield, Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: March 4, 2026

6

7